UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-AMC4, U.S. BANK, N.A., AS TRUSTEE,

Plaintiff,

v.

ALFREDO GOMEZ, et al.,

Defendants.

Case No. 13-cv-02319-JCS

**REPORT AND RECOMMENDATION RE ORDER TO SHOW CAUSE**

Dkt. No. 6.

**I.   INTRODUCTION**

This is an unlawful detainer action where Defendant Alfredo Gomez ("Defendant") has removed the case to federal court.[1] There is no diversity and no federal question on the face of the complaint. On June 3, 2013, the Court issued an Order to Show Cause why the case should not be remanded to the Superior Court of California, County of Alameda for lack of subject matter jurisdiction. Neither party filed any written response or appeared at the hearing on the Order to Show Cause, held on June 21, 2013 at 9:30 am. For the reasons stated below, the Court recommends that the action be remanded to the Superior Court of California, County of Alameda.

**II.   BACKGROUND**

Plaintiff Citigroup Mortgage Loan Trust Inc. Asset-Backed Pass-Through Certificates, Series 2007-AMC4, U.S. Bank, N.A., as trustee, ("Plaintiff") is the owner of the property located at 4055 Sequoyah Road, Oakland, CA 94605-4537. Dkt. No. 1 at 8 (Notice of Removal, including Complaint for Unlawful Detainer). In December 2012, Plaintiff filed a Limited Civil Complaint in the Superior Court for the County of Alameda for unlawful detainer seeking to recover possession of this property and to recover the unpaid rental value of the property beginning on November 26, 2012. *Id*. at 8-11. The Notice of Removal includes a demurrer, dated December

---

[1] Both Alfredo and Gloria Gomez are named as defendants in the Complaint. Dkt. No. 1, 8. Alfredo Gomez alone removed the action to federal court. *Id*. at 1, 3.

13, 2012.² *Id*. at 19-25.

On May 21, 2013, Defendant filed the Notice of Removal in this Court. *Id* at 1. In the Notice of Removal, Defendant argues that removal is proper on the basis of a federal question presented by Defendant's Answer in the state court action, which invokes rights under the Protecting Tenants at Foreclosure Act ("PTFA"). *Id*. at 1-3.

### III.   ANALYSIS

#### A.   Legal Standard Governing Removal

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (citations omitted).

Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "A defense that raises a federal question is inadequate to confer federal

---

² The demurrer was joined by both Defendant and Gloria Gomez.

2

jurisdiction." *Id.*  "A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (stating that a plaintiff is the "master of the complaint" who may "avoid federal jurisdiction by pleading solely state-law claims").  Moreover, federal jurisdiction may not rest on a federal counterclaim, even when compulsory.  *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 828, 830-32, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002).

Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), based on diversity, requires complete diversity of citizenship and an amount in controversy in excess of $75,000.  When an action is removed based on diversity, complete diversity must exist at the time of removal.  *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)).  Moreover, an action may only be removed on the basis of diversity where no defendant is a citizen of the forum state.  28 U.S.C. § 1441(b); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).  "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

### B.     Application to Facts

Defendant's removal of this case was improper.

First, the removal was untimely.  Defendant did not seek removal until well more than thirty days after receiving the summons and complaint, during which time Defendant filed a demurrer in the action.

Second, the Court does not have jurisdiction based on diversity because the amount in controversy does not exceed $75,000.  Instead, the limited civil Complaint in this action seeks less than $10,000.  Dkt. No. 1 at 8.  In addition, Defendant appears to be a citizen of California and therefore is unable to remove the action on the basis of diversity.

Third, there is no federal question jurisdiction.  Under the well-pleaded complaint rule, federal question jurisdiction must arise from the face of the complaint.  *Merrell Dow*, 478 U.S. at 808.  Here, Plaintiff asserted in its Complaint a state law cause of action for unlawful detainer.

3

*Wells Fargo Bank v. Lapeen*, No. 11-1932-LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law."). There is no federal question on the face of the Complaint to confer jurisdiction upon this court.

Defendant argues that the Protecting Tenants at Foreclosure Act ("PTFA") confers federal jurisdiction. Defendant may use the PTFA as a defense in the state law proceedings, but this defense does not create subject matter jurisdiction in federal court. *See Holmes Group*, 535 U.S. at 830-32, 122 S.Ct. 1889, 153 L.Ed.2d 13; *Deutsche Bank Nat. Trust Co. v. Eaddy*, 2012 WL 4173987, at *1 (N.D. Cal. Sept. 18, 2012) ("The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction").

Accordingly, this action should be remanded to the Superior Court of the County of Alameda. Therefore, the court recommends remanding the case with no further delay.

## IV. CONCLUSION

For the reasons stated above, the court RECOMMENDS that this action be remanded to the Superior Court of the Alameda. The Clerk shall reassign this case to a United States District Judge for action on this Report and Recommendation.

IT IS SO ORDERED.

Dated: June 21, 2013

_____
Joseph C. Spero
United States Magistrate Judge